IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re 900 LINDEN BLOCK DEVELOPMENT, LLC, a California limited liability company,<br><br>             Debtor.<br>_____/<br>900 LINDEN BLOCK DEVELOPMENT, LLC,<br><br>             Appellant,<br><br>   v.<br><br>UNITED STATES TRUSTEE,<br>             Appellee.<br>_____/ | No. C 13-05288 SI<br><br>**ORDER DISMISSING APPEAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

On November 12, 2013, debtor/appellant 900 Linden Block Development, LLC filed a notice of appeal from the bankruptcy court's "Order Granting United States Trustee's Motion to Dismiss Case Without Prejudice And Imposing One-Year Bar to Refiling." Docket No. 1-2. Shortly thereafter, Tracy Henderson, counsel for 900 Linden Block Development, LLC, filed a motion for leave to withdraw as counsel. Docket No. 3. The motion to withdraw came on for oral argument on December 13, 2013. Although no written opposition was filed, Mr. Koray Ergur, debtor's Managing Agent, appeared in person at the hearing and argued against the motion to withdraw.

Following the hearing, on December 16, 2013, the Court granted the motion to withdraw effective sixty (60) days from the date the order was filed and stayed the action until Friday, February 14, 2014 to allow debtor/appellant to obtain replacement counsel. Docket No. 9. In the order, the Court explained that because debtor/appellant is a limited liability company, it cannot proceed in this action without licensed counsel. *Id.* (citing Civil L.R. 3-9(b); *Rowland v. California Men's Colony*, 506 U.S.

1  194, 202 (1993)). In addition, the Court cautioned that if new counsel for debtor/appellant did not
2  appear in this action prior to the end of the stay, the Court would entertain a motion to dismiss for failure
3  to prosecute.

4        The Court's stay ended over a month ago, yet no notice of appearance has been filed on behalf
5  of debtor/appellant. Nor has any other action been taken in the case. Accordingly, this case is dismissed
6  without prejudice for failure to prosecute. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take
7  any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is
8  ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which
9  may include dismissal of the appeal.").

11  **IT IS SO ORDERED.**

14  Dated: March 17, 2014

                                                                           SUSAN ILLSTON
                                                                          United States District Judge

**United States District Court**
For the Northern District of California